| | |
|---|---|
| 1 | MATTHEW D. POWERS (Bar No. 104795) |
|   | matthew.powers@weil.com |
| 2 | DOUGLAS E. LUMISH (Bar No. 183863) |
|   | doug.lumish@weil.com |
| 3 | WEIL, GOTSHAL & MANGES LLP |
|   | Silicon Valley Office |
| 4 | 201 Redwood Shores Parkway |
|   | Redwood Shores, CA 94065 |
| 5 | Telephone: (650) 802-3000 |
|   | Facsimile: (650) 802-3100 |
| 6 | |
| 7 | DORIAN E. DALEY (Bar No. 129049) |
|   | dorian.daley@oracle.com |
| 8 | PEGGY E. BRUGGMAN (Bar No. 184176) |
|   | peggy.bruggman@oracle.com |
| 9 | MATTHEW M. SARBORARIA (Bar No. 211600) |
|   | matthew.sarboraria@oracle.com |
| 10 | ORACLE CORPORATION |
|    | 500 Oracle Parkway |
| 11 | Redwood Shores, CA  94065 |
|    | Telephone: (650) 506-5200 |
| 12 | Facsimile: (650) 506-7114 |
| 13 | Attorneys for Plaintiffs |
|    | ORACLE CORPORATION, ORACLE USA, INC. and |
| 14 | ORACLE INTERNATIONAL CORPORATION |

C 06 2889   HRL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE CORPORATION, ORACLE USA INC. and ORACLE INTERNATIONAL CORPORATION, | Case No. |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| v. | |
| TEILHARD TECHNOLOGIES, SHOPPLEX.COM CORPORATION, JUXTACOMM TECHNOLOGIES, INC., and SECURE GROUP, INC., | |
| Defendants. | |

COMPLAINT FOR DECLARATORY JUDGMENT;
DEMAND FOR JURY TRIAL

Case No.
SV1:\246187\01\59yj01!.DOC\99980.0925

Plaintiffs Oracle Corporation ("Oracle Corp."), Oracle USA Inc. ("Oracle USA") and Oracle International Corporation ("Oracle International") (collectively "Oracle"), by and through their attorneys, allege as follows:

1. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§101, *et seq.*, seeking declaratory judgment that United States Patent No. 6,195,662 ("the '662 patent") is invalid and not infringed by Oracle, based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202.

## PARTIES

2. Oracle Corp. is a corporation organized under the laws of the State of Delaware. Oracle Corp. maintains its principal place of business at 500 Oracle Parkway in Redwood City, California, and does business in the Northern District of California.

3. Oracle USA is a corporation organized under the laws of the State of Colorado. Oracle USA maintains its principal place of business at 500 Oracle Parkway, Redwood City, California, 94065, and does business in the Northern District of California.

4. Oracle International is a corporation organized under the laws of the State of California. Oracle International maintains its principal place of business at 500 Oracle Parkway, Redwood City, California, 94065, and does business in the Northern District of California.

5. Defendant Teilhard Technologies ("Teilhard") is a Canadian corporation with headquarters at 217, 11625 Elbow Drive SW, Calgary, Alberta, T2W1G8 Canada. Teilhard maintains an office in San Diego, California.

6. Defendant Shopplex.com Corporation ("Shopplex") is, on information and belief, a subsidiary and alter-ego of Teilhard.

7. Defendant Juxtacomm Technologies, Inc. ("Juxtacomm") is, on information and belief, a subsidiary and alter ego of Teilhard.

8. Defendant Secure Group Inc. ("Secure Group") is, on information and belief, a subsidiary and alter-ego of Teilhard.

## EXISTENCE OF AN ACTUAL CONTROVERSY

9. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

10. Teilhard contacted Oracle in 2004 through Mr. Divjot "Sunny" Narang. Teilhard, through Mr. Narang, asserted that Oracle's software infringed the '662 patent, and that Teilhard owned the '662 patent. Teilhard created a password protected web page on their web site (www.teilhardtech.com/sunny/oracle), and provided the password to Oracle. Through this web page, and through direct correspondence with Oracle, Teilhard provided Oracle with a formal opinion prepared by Mr. Victor Friday stating that Oracle's software uses the "logic, methods, and processes contained in" the '662 patent. Teilhard contacted Oracle repeatedly during 2004 and early 2005, including in a telephone conversation between Roger Kennedy of Oracle, Ken Prather, the CEO of Teilhard, David Brown, the Chief Information Officer of Teilhard, and "Sunny" Narang. In an email after that telephone call, Mr. Narang stated that "ETL (Extract, Transform and Load)" functionality in Oracle products "is of course covered by the US '662 patent owned by Teilhard." Mr. Narang also stated in a further email sent to Oracle that "[w]hat Oracle has introduced into their product offerings as of Oracle 9i is what 'infringes' '662."

11. In 2006, Teilhard contacted former Oracle employee Mr. R.G. (Ron) Fewer of the Katz Group Canada Ltd. At Teilhard's direction, Mr. Fewer sent a letter dated April 10, 2006 to Mr. Larry Ellison, CEO of Oracle Corp., including materials Mr. Fewer received from defendant Teilhard. Through this letter, Teilhard again accused Oracle of "patent infringement" and alleged that "Oracle is one of several companies that are in violation of Teilhard's patent." The letter further stated that "a major patent trademark law firm out of Manhattan . . . has agreed to pursue patent defense, licensing, and or settlement issues in the US and will assume all costs in association with said litigation." On April 20, 2006, Mr. Fewer sent an email to Mr. Daniel Cooperman, Oracle's General Counsel, stating that "legal action will begin in the U.S. on April 28th regarding patent infringement allegations against Oracle." This email further stated "Ken Prather, CEO of Teilhard, will take any calls from Oracle up to the 28th and then he is leaving the

matter to the patent infingement [sic] firm out of NYC to proceed." On April 26, 2006, Mr. Fewer sent an email to Roger Kennedy, Oracle's Chief Patent Counsel, again noting Teilhard's "April 28th deadline."

12. Oracle denies that the '662 patent is or has been infringed by Oracle, and disputes its validity.

13. Based on Teilhard's communications with Oracle, its assertion that Oracle infringes the '662 patent, and its assertion that it has retained legal counsel to pursue an action for patent infringement against Oracle, Teilhard has created in Oracle a reasonable apprehension that Teilhard will initiate a patent infringement suit against Oracle alleging that Oracle infringes the '662 patent.

14. An actual and justiciable controversy exists between Oracle and Teilhard, and between Oracle and Teilhard's alter egos, as to whether the '662 patent is invalid and/or infringed. Absent a declaration of invalidity and/or noninfringement, Teilhard and/or its alter egos will continue to wrongfully assert the '662 patent against Oracle, and thereby cause Oracle irreparable injury and damage.

## PERSONAL JURISDICTION AND VENUE

15. All of the communications described in paragraphs 10 and 11 above, including all of Teilhard's allegations of patent infringement, were sent to Oracle at its offices at Redwood City in the Northern District of California.

16. In addition to Teilhard directing its allegations of infringement to Oracle's offices in the Northern District of California, on information and belief Teilhard has repeated, ongoing, extensive, and deliberate contacts with California, both itself and through its alter egos Shopplex, Secure Group, and/or JuxtaComm:

A. Teilhard has entered into an exclusive licensing agreement with Vault Technologies for the '662 patent and its Canadian counterpart for the "North American parking management industry" field. Vault Technologies maintains an office in Los Angeles, California. Teilhard has an ongoing relationship with Vault Technologies, who is also an "industry partner" and "reseller" of Teilhard's JuxtaComm product. Vault Technologies markets products allegedly

1  covered by the '662 patent in the parking management industry in California. Teilhard has sold
2  its JuxtaComm product, which it states is covered by its '662 patent, to Vault Technologies.
3      B. Teilhard maintains an interactive website that offers for sale and sells the
4  Shopplex business software and services to customers in California. The website provides
5  specific price quotations and allows customers in California to purchase the Shopplex business
6  software and services using the internet. The Shopplex product and services website includes an
7  extensive, multi-page "Member Agreement" that users are directed to read and commit to prior to
8  purchasing the Shopplex product and services. This is done through the website. The Shopplex
9  website also offers a tutorial about the Shopplex product and services features, their benefits,
10 pricing, and additional services through the Shopplex Business Center.
11     C. Teilhard or its alter ego maintains at least two interactive websites
12 (www.softq.com and www.hrtrack.com) for conducting business over the internet with customers
13 in California. Through these websites, Teilhard offers for sale and sells its Soft-Q product and
14 services to customers in California. The websites provide specific price quotations and allow
15 customers in California to purchase software using the internet. Teilhard also provides technical
16 support through this website. Teilhard has sold and/or licensed its products and services to at
17 least one customer in California. Specifically, according to a client testimonial advertised on the
18 Soft-Q website, East Bay Tire Co., which is located in Fairfield, California has purchased the
19 Soft-Q product and service.
20     D. Teilhard maintains an interactive website (www.teilhardtech.com) that
21 describes and offers its Secure Group, Soft-Q, Shopplex, and HRTrack products and services to
22 customers in California. The Teilhard website includes information concerning the '622 patent.
23 The Teilhard website allows customers to report technical problems and offers technical support
24 for "any customer."
25     E. On information and belief, Teilhard is a purchaser and reseller of products for
26 Cisco Systems, Inc., a California based company, and has an ongoing commercial relationship
27 with Cisco Systems, Inc. in California.
28     F. A website maintained by a department of the Canadian government describes

COMPLAINT FOR DECLARATORY JUDGMENT;      4      Case No.
DEMAND FOR JURY TRIAL      SV1:\246187\01\59yj01!.DOC\99980.0925

JuxtaComm as "actively pursuing" markets in California.

17. Defendants are subject to personal jurisdiction in California by virtue of their ongoing, extensive, and deliberate contacts with California, and because Teilhard directed its allegations of infringement to Oracle's offices in the Northern District of California.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(d) because Defendants are foreign corporations subject to personal jurisdiction in this district.

## COUNT I

19. Oracle hereby restates and realleges the allegations set forth in paragraphs 1 through 18 above and incorporates them by reference.

20. Oracle has not infringed, and is not infringing, either directly or indirectly, contributorily or other otherwise, any claim of the '662 patent.

21. The claims of the '662 patent are invalid for failure to comply with the requirements of the Patent Laws of the United States, including but not limited to the provisions of 35 U.S.C. § 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Oracle prays for judgment as follows:

A. Declaring that Oracle has not infringed and is not infringing, directly, indirectly or contributorily, any claims of the '662 patent;

B. Declaring that each of the claims of the '662 patent is invalid.

C. Declaring that all Defendants and each of their officers, employees, agents, alter egos, attorneys, and any persons in active concert or participation with them be restrained and enjoined from further prosecuting or instituting any action against Oracle claiming that the '662 patent is valid, enforceable, or infringed, or from representing that Oracle's products or services, or that others' use thereof, infringe the '662 patent;

D. Declaring this case exceptional under 35 U.S.C. § 285 and awarding Oracle its attorneys' fees and costs in connection with this case;

1          E.    Awarding Oracle such other and further relief as the Court deems just and

2  proper.

3  Dated: April 27, 2006                      WEIL, GOTSHAL & MANGES LLP

By: _____
Douglas E. Lumish
Attorneys for Plaintiffs
ORACLE CORPORATION,
ORACLE USA, INC. and
ORACLE INTERNATIONAL
CORPORATION

COMPLAINT FOR DECLARATORY JUDGMENT;
DEMAND FOR JURY TRIAL        6        Case No.
SV1:\246187\01\59yj01!.DOC\99980.0925